IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ARTHUR GILMER CROSS Jr., §
    Petitioner, §
§
VS. § CIVIL ACTION NO.4:08-CV-300-Y
§
NATHANIEL QUARTERMAN, Director, §
T.D.C.J.,Correctional §
Institutions DIV., §
    Respondent. §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Arthur Gilmer Cross Jr. under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.    The pleadings and record;

2.    The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 30, 2008; and

3.    The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 9, 2008.

The Court, after **de novo** review, concludes that petitioner Cross's objections must be overruled,[1] and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions.

---

[1]Cross contends in his objections that the limitation period is an unconstitutional suspension of the writ of habeas corpus. The Fifth Circuit has rejected this argument:

> The 1-year limitations period of the AEDPA does not violate the Suspension Clause of Art. 1, § 9 [of the Constitution] unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." [Petitioner] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired.

*See Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000)(citation omitted); *see generally Wyzkowski v. Department of Corrections,* 226 F.3d 1213, 1217 (11th Cir. 2000)("[e]very court which has addressed the issue--*i.e.,* whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ--has concluded that it does not")(multiple citations omitted).

Cross filed another motion for summary judgment on August 18, 2008, challenging the timeliness of the respondent's answer, but that motion is denied for the same reasons enunciated in our denyal of Cross's earlier motion for summary judgment.

The respondent filed an answer within the extended time provided by the magistrate judge.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

The motion for summary judgment filed August 18, 2008 [docket no. 17] is DENIED.

Petitioner Arthur Gilmer Cross Jr.'s petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED October <u>10</u>, 2008.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE